On the Merits.
The weight of the evidence sustains the proposition that the extension of the platform where plaintiff fell was not sufficiently lighted; that the night was dark; that there was light at the depot; that it did not throw light in the direction of the fall of plaintiff.
There were no rails or guards around the platform and on the sides of the steps. True, that cannot be required. It is not usual to place rails around platforms and steps. None the less, the platform should be constructed so that there is something to warn the pedestrian not to step too freely on it on a dark night.
The defendant charges that the negligence, carelessness, or want of caution on the part of plaintiff were the proximate cause of plaintiff’s fall.
The testimony shows that plaintiff, following her wounded son beforementioned, stepped at the end of the platform at or near the steps; they passed on to the buggy.
She was standing near the edge of the platform — nearer than she had any idea of —and, while thus standing, she moved a little and fell.
Whether she moved to get out of the way *442 of some one passing, as is stated in argument, or without any special motive save to change positions, can make but little difference. If she did not know of the edge proximity, or could not see because of the want of light, these facts are complete answers to the charge of negligence.
This brings us to the second question: Was the night sufficiently dark to require a light?
The weight of the testimony is that it was sufficiently dark to require a light.
Reputable witnesses — some of them members of the medical profession — were positive in their statements as witnesses that the night was dark and that there were no lights.
There was introduced in evidence the fly sheet of an almanac to prove that on the night in question (the 10th day of December, 1908) the moon rose at 7:25 p. m.
1-Iow bright it was, how much of its light reached the little town of Athens at that time and place, is not stated.
We can only say that it does not always follow that there will be moonlight on the earth’s surface everywhere about an hour after the moon is up.
There may have been obstruction to the moon’s light at that particular place.
The defendant’s contention is that a hill near by in the westerly direction from the depot obstructed the light- — whatever light the moon was casting.
There may have been other causes. The almanac fly sheet, under the circumstances, is not controlling, as to whether there was bright moonlight at Athens at the particular time and place.
A railroad corporation assumes the responsibility to reasonably care for the safety of its passengers.
One of its duties is to furnish safe egress from trains and platforms at night and to furnish sufficient lights to enable the passengers to guide their steps.
After carefully reading the testimony, we arrived at the conclusion that the want of light was the proximate cause of the injury.
The defendant urged that others passed near the place of the fall, including among them the sick son of the plaintiff and those attending him, and that they met with no accident; that they did not call for light in leaving the train and walking over the platform.
Argument of learned counsel for defendant on this point is persuasive, not, however, to a degree that is conclusive and convincing, for one or more persons may pass a dark place without asking for light, while another following behind or on the side may not be equally as favored.
We have considered this and other points without finding it possible to arrive at the conclusion that the judgment is erroneous.
The district judge heard the witnesses and observed them.
Quantum of Damages.
In this respect also the judge was careful and conservative. The amount allowed conforms with our opinion.
We therefore will not disturb the judgment.
Eor reasons stated, the judgment appealed from is affirmed.